UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:07-cr-144-FtM-29DNF

EDUARDO TORRES-TORRES
_____

**OPINION AND ORDER**

  This matter comes before the Court on defendant's objection to paragraph 15 of the Presentence Report. Defendant entered a guilty plea to illegal reentry after deportation by a convicted felon, 8 U.S.C. § 1326(a) and (b)(1). The Base Offense Level under the U.S. Sentencing Guidelines is level 8. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a). The Presentence Report then added 16 levels pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A) based upon defendant's California conviction for Infliction of Corporal Injury on a Spouse. Defendant objects to the 16 level enhancement, arguing that the conviction was for a misdemeanor and is therefore not a proper predicate offense for the enhancement. Defendant filed a Sentencing Memorandum (Doc. #30) and the Court heard oral argument on September 22, 2008. For the reasons set forth below, the objection is overruled.

**I.**

Under § 2L1.2(b)(1)(A), a 16 level enhancement is applied "[i]f the defendant previously was deported, or unlawfully remained in the United States, after -(A) a conviction for a felony that is . . . (ii)a crime of violence; . . ." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A). Defendant does not disputed that he was convicted of a crime of violence and then deported, but argues that the offense was not a "felony" under U.S. SENTENCING GUIDELINES MANUAL § 2L1.2. A "felony" is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.2.

Defendant has submitted court documents from his California conviction at issue, which the Court has caused to be marked as Defendant's Exhibit A. The "Felony Complaint" charges in a single count that on October 30, 2002, defendant committed the crime of Corporal Injury to Spouse/Cohabitant/Child's Parent in violation of California Penal Code Section 273.5(a) by willfully and unlawfully inflicting corporal injury resulting in a traumatic condition upon Leslie C., who was a person cohabiting with defendant. California Penal Code §273.5(a) provides in pertinent part that "[a]ny person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, . . . corporal injury resulting in a traumatic condition is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars

($6,000) or by both that fine and imprisonment." Cal. Penal Code § 273.5(a).

The Presentence Report indicates that on January 21, 2003, defendant plead *nolo contendere* and was released on his own recognizance. Presentence Report, ¶ 26. Defendant failed to appear for sentencing on February 28, 2003, and a bench warrant was issued. Id. Defendant was apparently arrested and brought before The Superior Court, County of Los Angeles for sentencing on April 22, 2003. The Uniform Felony Sentencing Memorandum submitted as part of Defendant's Exhibit A indicates that as to Count 1, a violation of § 273.5 of the California Penal Code, "[i]mposition of sentence is suspended," "[d]efendant is granted probation/entry of judgment is deferred for 36 months upon" certain terms and conditions, including 15 days in the Los Angeles County Jail (with credit for 15 days). Defendant's Exh. A. The Presentence Report indicates that on June 10, 2003 a violation of probation was filed, that on June 20, 2003, defendant failed to appear for the probation violation hearing, and that probation was revoked and a warrant issued. Presentence Report, ¶ 26. On July 31, 2003 probation was reinstated, but on October 22, 2003 a violation of probation was again filed, defendant failed to appear, a warrant was issued, and probation was revoked. The warrant remains outstanding. Presentence Report, ¶ 26.

**II.**

Despite outward appearances to the contrary, defendant argues that this conviction was not a felony.  Defendant relies upon California Penal Code § 17, which provides in pertinent part:

> (a) A felony is a crime which is punishable with death or by imprisonment in the state prison.  Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.
>
> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
>> (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . . .

CAL. PENAL CODE § 17(a), (b).  Defendant argues that since his offense of conviction is a "wobbler" - a California term of art for an offense which can be either a felony or misdemeanor - and since the sentence was not imprisonment in the state prison, his conviction is for a misdemeanor "for all purposes" and thus is not a "felony" under U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A).

It seems clear that the offense of conviction is a "wobbler," that is, it can be a felony because it is punishable by imprisonment in state prison, § 17(a), and it can be a misdemeanor because the sentencing court has discretion to impose imprisonment in the county jail, § 17(b).  See United States v. Solorio-Nunez, No. 07-10408, 2008 WL 2704694, *1 (9th Cir. July 10, 2008).  While § 273.5(a) can be a misdemeanor, it was not a misdemeanor in this case.  The only portion of § 17(b) relied upon by defendant in this

-4-

case is subpart (1), which renders the conviction a misdemeanor "[a]fter a judgment imposing a punishment other than imprisonment in the state prison." CAL. PENAL CODE § 17(b)(1). No such judgment was entered in this case.

California law allows a sentencing judge to suspend the imposition of a sentence without entry of judgment and impose probation, or to suspend the execution of sentence and impose probation. People v. Banks, 53 Cal. 2d 370 (Cal. 1959). Where the imposition of sentence is suspended and defendant is placed on probation with a condition of county jail time, as in this case, a defendant is not sentenced within the meaning of § 17. Rather, defendant stands convicted of a felony for all purposes: "It is settled that where the offense is alternatively a felony or misdemeanor (depending upon the sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants probation, the offense is regarded a felony for all purposes until judgment or sentence and if no judgment is pronounced it remains a felony." People v. Esparza, 253 Cal. App. 2d 362, 364-65 (Cal. 5th DCA 1967)(citing Banks). See also United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992); People v. Howard, 946 P.2d 828, 835 (Cal. 1997). Jail time which is a condition of probation does "not constitute a sentence within the meaning of Penal Code, section 17." Esparza, 253 Cal. App. 2d at 365.

Since judgment under § 17 has never been entered, defendant stands convicted of a felony offense. Since that offense was a crime of violence, the 16 level enhancement is appropriate.

Accordingly, it is now

**ORDERED**:

Defendant's objection to the 16 level enhancement is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of September, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
FPD (Zaremba)
U.S. Probation